STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH COAST PARTNERS, INC., a California corporation d/b/a KELLER WILLIAMS OC COASTAL REALTY; TALOA INC., an entity of unknown origin and nature; ROBERT WALTER HUNT, an individual; and JEFFREY L. NELSON, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01062<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against South Coast Partners, Inc. d/b/a Keller Williams OC Coastal Realty ("South Coast"), Taloa, Inc. ("Taloa"), Robert Walter Hunt ("Mr. Hunt") and Jeffrey L. Nelson ("Mr. Nelson"; collectively with South Coast, Taloa and Mr. Hunt known herein as the "Defendants"), on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. South Coast Partners, Inc. is, and has been at all times relevant to this lawsuit, a California corporation doing business as Keller Williams OC Coastal Realty, as evidenced by the State of California, Department of Real Estate database, attached hereto as Exhibit 1.

5. Taloa is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.

6. Attempts to find evidence of the formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, New York, Texas, Tennessee, Nevada, and Idaho demonstrate that, at least with respect to these states, Taloa is not a formally organized business entity.

7. Mr. Hunt is, and has been at all times relevant to this lawsuit, a licensed real estate broker in California.

8. Mr. Hunt is, and has been at all times relevant to this lawsuit, identified as the principal designated officer for Sun Coast, as evidenced by the State of California, Department of Real Estate database, attached hereto as Exhibit 2.

9. Mr. Nelson is, and has been at all times relevant to this lawsuit, a licensed real estate agent in California.

10. Mr. Nelson is, and has been at all times relevant to this lawsuit, identified as a real estate agent engaged by South Coast, as evidenced by the State of California, Department of Real Estate database, attached hereto as Exhibit 3.

11. Mr. Nelson is, and has been at all times relevant to this lawsuit, subject to the supervision and control of Mr. Hunt, within the scope of Mr. Nelson's duties as an agent of South Coast.

12. Taloa is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("Go Daddy"), as the registrant of the Internet domain found at <n2pq.com> (the "Domain").

13. Mr. Nelson is, and has been at all times relevant to this lawsuit, identified by Go Daddy, as the administrative and technical contact for the Domain.

14. Mr. Nelson is, and has been at all times relevant to this lawsuit, identified as the "President at Taloa, Inc.," as evidenced by Mr. Nelson's LinkedIn page, attached hereto as Exhibit 4.

15. As of June 29, 2010, Taloa claims ownership of the copyright(s) in and to the literary works posted as part of the content accessible through the Domain (said content accessible through the Domain and the Domain itself, collectively known herein as the "Website") on the Website as evidenced by a copyright notice displayed on the Website: "Copyright © 2010 N2PQ Mortgage News and Information Network All rights reserved."

16. Mr. Nelson, at all times relevant to this lawsuit, has operated and controlled, and continues to operate and control, the Website for the benefit of South Coast and under the supervision of Mr. Hunt.

17. Mr. Nelson, at all times relevant to this lawsuit, has maintained and continues to maintain the Website, pursuant to, and in furtherance of Mr. Nelson's engagement as a real estate agent of South Coast.

**JURISDICTION**

18. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

19. Righthaven is the owner of the copyright in the literary work entitled: "Program may level housing sale odds" (the "Work"), attached hereto as Exhibit 5.

20. The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

21. At all times relevant to this lawsuit, the Work depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

22. On or about May 3, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 6, on the Website.

23. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

24. The subject matter, at least in part, of the both Work and the Infringement is a Fannie Mae program named "First Start," which is planned to be initiated in Nevada.

25. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

26. The Defendants purposefully direct and effectuate the unauthorized reproduction of a Righthaven-owned copyrighted work on the Website.

27. South Coast purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

28. Taloa purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

29. Mr. Hunt purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

30. Mr. Nelson purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

**VENUE**

4

31. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

32. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because South Coast is subject to personal jurisdiction in Nevada.

## FACTS

33. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

34. Righthaven is the owner of the copyright in and to the Work.

35. The Work was originally published on April 30, 2010.

36. On June 8, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007151822 (the "Registration") and attached hereto as Exhibit 7 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

37. On or about May 3, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

38. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

39. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

40. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 40 above.

41. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

42. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

43. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

44. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

45. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

46. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

47. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

48. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

49. South Coast has willfully engaged in the copyright infringement of the Work.

50. Taloa has willfully engaged in the copyright infringement of the Work.

51. Mr. Hunt has willfully engaged in the copyright infringement of the Work.

52. Mr. Nelson has willfully engaged in the copyright infringement of the Work.

53. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

54. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Go Daddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this thirtieth day of June, 2010.

                                        RIGHTHAVEN LLC

                                        By: /s/ J. Charles Coons
                                        STEVEN A. GIBSON, ESQ.
                                        Nevada Bar No. 6656
                                        J. CHARLES COONS, ESQ.
                                        Nevada Bar No. 10553
                                        JOSEPH C. CHU, ESQ.
                                        Nevada Bar No. 11082
                                        9960 West Cheyenne Avenue, Suite 210
                                        Las Vegas, Nevada 89129-7701
                                        Attorneys for Plaintiff