|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEVADA |
| | * * * |

RIGHTHAVEN LLC, a Nevada limited-liability company,

    Plaintiff,

v.

SOUTH COAST PARTNERS, INC., a California corporation d/b/a KELLER WILLIAMS OC COASTAL REALTY; TALOA INC., an entity of unknown origin and nature; ROBERT WALTER HUNT, an individual; and JEFFREY L. NELSON, an individual,

    Defendants.

2:10-CV-01062-LRH-LRL

<u>ORDER</u>

Before the court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2). Doc. #10. Plaintiff filed an opposition, and Defendants filed a reply. Doc. ##11-12. While the motion was pending, however, the parties stipulated to the dismissal with prejudice of defendants South Coast Partners, Inc. d/b/a Keller Williams OC Coastal Realty and Robert Walter Hunt, which the court granted. Doc. ##13-14. Resolution of the motion thus pertains only to remaining defendants Jeffrey L. Nelson ("Nelson") and Taloa Inc. ("Taloa").

**I.    Facts and Procedural History**

Nelson is a California resident and licensed real estate agent in California. Beginning in 2007, he has posted news stories about the mortgage and real estate industries on an internet site

that he administers under his name and Taloa, Inc., an entity he controls. On May 3, 2010, Nelson posted to his website an unauthorized copy of the contents of a news article entitled "Program may level housing sale odds" (hereinafter referred to as "the Work"), which was published in the Las Vegas Review Journal ("Review Journal") on April 30, 2010. The article contained both factual information about a new federal housing program to be initiated in Nevada and the reporter's commentary on the possible effects the program could have on the Las Vegas housing market. Although the title and contents of the article were reproduced in full on Nelson's website, the by-line listing the true author was not included and Nelson himself was listed as the author of the post.

On May 25, 2010, after Nelson had displayed the Work, plaintiff Righthaven obtained a transfer of rights for the Work from the Review Journal. Righthaven then filed for and received a copyright registration for the Work on June 8, 2010. Subsequently, on June 30, 2010, Righthaven filed its complaint alleging a single cause of action for copyright infringement pursuant to 17 U.S.C. § 501. Doc. #1.

Thereafter, Nelson filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Doc. #10.

**II.    Legal Standard**

When a defendant challenges the exercise of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the court receives only written materials, the plaintiff need only make a prima facie showing of jurisdiction through its pleadings and affidavits to avoid dismissal. *Id.* The plaintiff cannot simply rest on the bare allegations of its complaint; however, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.*

2

### III. Discussion

To establish that personal jurisdiction over the nonresidents defendants is proper, Righthaven must show that the defendants have at least "minimum contacts with Nevada 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). While personal jurisdiction may be either general or specific, Righthaven contends only that the court has specific personal jurisdiction over the defendants.

A three-part test applies to determine whether the exercise of specific jurisdiction satisfies the requirements of due process: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice—*i.e.*, it must be reasonable. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006) (en banc). The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff succeeds "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

#### A. Purposeful Availment or Direction

Although the term "purposeful availment" is often used as shorthand to identify the first prong, it encompasses both purposeful availment and purposeful direction, which "are, in fact, two distinct concepts." *Id.* Purposeful availment usually applies in cases sounding in contract and is typically established by evidence of the defendant's actions in the forum, such as executing or performing a contract there. *Id.* By contrast, purposeful direction usually applies in cases

sounding in tort and is typically established by evidence of the defendant's activities outside the forum state that are directed at the forum. *Id.* at 803. As copyright infringement is often characterized as a tort, purposeful direction is the proper analytical framework for this case. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

Purposeful direction is determined under the "effects" test of *Calder v. Jones*, 465 U.S. 783 (1984). The effects test imposes three requirements: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo!*, 433 F.3d at 1206 (citation, brackets and internal quotations omitted). Importantly, notwithstanding its label, the "effects" test is not satisfied merely by a foreign act with foreseeable effects in the forum; there must be "something more"—namely, "express aiming" at the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (citing *Calder*, 465 U.S. at 789).

Righthaven contends that as this case involves a claim of willful copyright infringement, it is controlled by *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997), *overruled on other grounds by Feltner v. Columbia Pictures Television*, 523 U.S. 340 (1998). There, a California-based television studio brought a copyright infringement action in California against the owner of three television stations in the southeast for continuing to broadcast programs after the studio terminated the licensing agreements. *Id.* at 288. Without elaboration, the Ninth Circuit held that where the defendant was found to have "willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew, had its principal place of business in the [forum]," "[t]his fact alone is sufficient to satisfy" the *Calder* effects test. *Id.* at 289 (citing *Calder*, 465 U.S. at 789-90).

This court recognizes that substantial tension—if not an irreconcilable conflict—exists between *Columbia Pictures*' application of *Calder* and a series of subsequent opinions by the Ninth Circuit. In those cases, the court has consistently held that infringement of a plaintiff's

4

intellectual property rights, with knowledge that the plaintiff's principal place of business is in the forum and that the harm will be felt there, is insufficient to establish personal jurisdiction without a further showing that the defendant otherwise expressly aimed its activities at the forum. *See, e.g.*, *Schwarzenegger*, 374 F.3d at 807 (articulating the "express aiming" requirement and holding that, even though the defendant may have known that plaintiff lived in California, the requirement was not satisfied by the defendant's unauthorized use of plaintiff's image in a newspaper advertisement because it was published only in Ohio); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (where a California golf resort alleged intentional infringement and dilution of its registered trademark, holding that the use of "Pebble Beach" in the domain name of a passive website for a UK bed and breakfast did not constitute "express aiming" at California, despite the defendant's knowledge of the California resort); *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010) ("Where a defendant's 'express aim was local,' the fact that it caused harm to the plaintiff in the forum state, even if the defendant knew that the plaintiff lived in the forum state, is insufficient to satisfy the effects test."). The court has further clarified that knowledge of the plaintiff's residency "goes to the foreseeable effects prong of the 'effects test' and is not an independent act that can be interpreted as being expressly aimed at [the forum]." *Pebble Beach*, 453 F.3d at 1158.

The Ninth Circuit has also adhered to this application of the *Calder* effects test in cases where the court found the express aiming requirement satisfied. *See, e.g.*, *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (concluding that RII "engaged in 'something more' than the operation of passive website" by specifically targeting consumers in Nevada by running studio and print advertisements in Las Vegas, in competition with Rio); *Yahoo!*, 433 F.3d at 1206, 1209 (sitting en banc, adopting *Schwarzenegger*'s 3-pronged deconstruction of the *Calder* effects test and finding that a French lawsuit "was expressly aimed at California" because "[t]he suit sought, and the French court granted, orders directing Yahoo! to

perform significant acts in California"); *Brayton Purcell*, 606 F.3d at 1129 (noting that "[i]t is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong," but finding the requirement satisfied because the defendant "individually targeted Brayton Purcell by making commercial use of Brayton Purcell's copyrighted material for the purpose of competing with Brayton Purcell for elder abuse clients" in the forum). *Calder* itself is in accord. 465 U.S. at 789-90 (finding that the defendants' actions in writing and publishing a libelous article about the plaintiff were "expressly aimed at California," where the defendants knew the plaintiff lived and worked in the state and the publication had its largest circulation in the state).

Importantly, however, the Ninth Circuit has never questioned the continuing validity of *Columbia Pictures*' application of *Calder*.[1] Some lower courts have recognized the tension between *Columbia Pictures* and the Ninth Circuit's jurisprudence following *Schwarzenegger*. *See, e.g.*, *Brayton Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1141-42 (N.D. Cal. 2005) (noting that "one could conclude that *Columbia Pictures* and *Schwarzenegger* are not entirely consistent," but avoiding the conflict by concluding that "the facts of the case at bar are distinguishable from *Schwarzenegger*"), *aff'd*, 606 F.3d 1124 (9th Cir. 2010). Significantly, however, the Ninth Circuit itself has never acknowledged the tension or made any comment on the subject. Indeed, even in *Brayton Purcell*, where the district court had acknowledged the possible conflict, the Ninth Circuit's opinion in the same case made no such acknowledgment, cited *Columbia Pictures* only for background propositions unrelated to the requirements of *Calder*, and affirmed by finding the heightened requirements of *Schwarzenegger* satisfied on the facts. *Brayton Purcell*, 606 F.3d at 1128-30.

---

[1]Only *Columbia Pictures*' application of the *Calder* effects test is in question; the court's finding of personal jurisdiction in that case is not. As an alternative ground, the court found that the defendant's "wide-ranging contract-related contacts with Columbia in the Central District" were also "sufficient to satisfy the 'purposeful availment' requirement." *Columbia Pictures*, 106 F.3d at 289 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 479 (1985)).

6

Ultimately, unless and until the Ninth Circuit overrules *Columbia Pictures*, this court remains bound by its express holding that where the defendant "willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew, had its principal place of business in the [forum]," "[t]his fact alone is sufficient to satisfy" the *Calder* effects test. *Id.* at 289.  Furthermore, in addition to the defendants' alleged willful copyright infringement and their knowledge that the copying of a Las Vegas Review Journal article would produce harm in Nevada, the content of the copied article is focused on issues specifically related to Nevada and of special interest to Nevada citizens. *Cf. Brayton Purcell*, 606 F.3d at 1129-30 (finding express aiming where one law firm copied another's website content verbatim and posted it to their own passive website without attribution, creating confusion as to authorship and placing themselves "in direct competition" for elder abuse clients in the forum); *Schwarzenegger*, 374 F.3d at 807 (finding no express aiming where the offending advertisement "was never circulated in California, and [the defendant] had no reason to believe that any Californians would see it and pay a visit to the dealership").  For these reasons, the court concludes that the *Calder* effects test is satisfied and that the defendants purposefully directed their wrongful activities at the forum.

### B.  Arising Out of Forum-Related Activities

Having concluded that the defendants' allegedly wrongful conduct was purposefully directed at Nevada, the second requirement for specific jurisdiction that the claim arises out of or relates to the defendant's forum-related activities is easily met.  Defendants' unauthorized copying and posting of the Work appears to be their only contacts with Nevada, and but for that copyright infringement, Righthaven's claim would not have arisen. *Bancroft & Masters*, 223 F.3d at 1088; *Brayton Purcell*, 361 F. Supp. 2d at 1142-43.

### C.  Reasonableness

Given Righthaven's satisfaction of the first two requirements for specific jurisdiction, the court presumes that the exercise of specific jurisdiction is reasonable, and the burden shifts to the

7

defendants to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. In evaluating reasonableness, the court balances seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendants of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

Here, the court finds the extent of the defendants' purposeful interjection into Nevada to be minimal, given that they injected themselves into the forum "only by virtue of publishing copyrighted material [on a] passive website." *Brayton Purcell*, 361 F. Supp. 2d at 1143. Nonetheless, the defendants have failed to establish that defending in the forum would impose a significant burden. Also, no other considerations would undermine the reasonableness of jurisdiction in the District of Nevada. Thus, on balance the court concludes that the defendants have failed to present a compelling case that the exercise of jurisdiction in this district would be unreasonable. The court therefore concludes that the defendants are properly subject to specific jurisdiction in this district.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2) (Doc. #10) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE